UNION MORTGAGE COMPANY, Appellee, v. W. E. EVANS et al., Appellants.

**EVIDENCE:** Parol as Affecting Writings—Contradicting Method of Payment. A promissory note "payable in gold coin of the United States" may not be modified by a parol agreement, contemporaneous with the execution of the note, to the effect that the payee

might pay the note by surrendering stock certificates which were pledged as collateral to the note. (See Book of Anno., Vol. 1, Sec. 9580, Anno. 18.)

Headnote 1:  22 C. J. p. 1094.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 17, 1925.

ACTION at law upon a promissory note. The defense was predicated upon an alleged contemporaneous oral agreement that the note might be paid by the maker thereof by the surrender of corporation stock. At the close of the evidence, a motion by the plaintiff for a directed verdict was sustained, and judgment entered thereon. The defendants appeal.—*Affirmed.*

*E. F. McMahon,* for appellants.

*Snyder & Ray,* for appellee.

EVANS, J.—The note sued on was executed August 9, 1922, and was for $11,633. Sometime subsequent to its date, a credit of $5,816.50 had been entered thereon, leaving a principal sum of the same amount, $5,816.50. The note was given in the first instance in the purchase of $12,000 par of bonds of the plaintiff-corporation, the bonds being purchased by the defendants at 95.60 per cent of par. Concededly, these bonds constituted a full consideration for the note, and the defendants have had the full benefit thereof. The defendants were stockholders, and one of them was director, of the plaintiff-corporation. Each of them held a certificate of stock for 120 shares. They put up these certificates as collateral to their note. This transaction was conducted for the corporation by Needham, the secretary and treasurer. A few days later, they returned $6,000 worth of the bonds, and received the credit already referred to. They also received back one of the stock certificates for 120 shares. Some months later, the defendants exchanged their corporate shares in the plaintiff-corporation for shares in other corporations, known in the record as the Welfare Company and the Hawkeye Mortgage Company. The stock thus acquired in the ex-

change was accepted by the plaintiff-corporation in lieu of the first collateral, and such first collateral was surrendered to the defendants.

The defense interposed herein is that, at the time of the execution of the note, the conversation pertaining thereto with the secretary and treasurer amounted to the following oral agreement:

(1) That the defendants might pay their note in money when due; or

(2) That they might return the bonds in satisfaction of the note; or

(3) That they might pay the same by a surrender of the collateral stock certificate.

The contention is that the defendants had these three alternatives for the payment of the note. They offered to surrender the stock certificate held by the plaintiff as collateral.

We have stated more of the facts than are really material to the question presented. Such question is whether oral evidence of the alleged contemporaneous agreement was admissible.

Appellants devote considerable argument to the proposition that the plaintiff is not a holder in due course, but is payee of the note, and holds it subject to all equities and defenses. The proposition is self-evident, but is not germane. The plaintiff sues upon a note which by its express terms is "payable in gold coin of the United States." The defendants offered to contradict this proviso by a showing that the note was payable in something else. We are of opinion that the offered evidence is inadmissible, and would be, if received, in violation of the elementary rule that prior and contemporaneous oral agreements are merged in the written agreement, and may not be proved in contradiction thereof.

Moreover, if the evidence were to be deemed otherwise admissible, we find no evidence of any authority of the secretary to enter into a contract with one of the directors for the purchase of the corporation stock, or for an exchange of corporation bonds for corporation stock. Defendants would be confronted with a further difficulty. They disposed of the stock of their own corporation, which was the subject-matter of the alleged contemporaneous oral agreement; and the corporation

stock which they now offer to surrender is that of other corporations, which came into existence many months subsequent to such contemporaneous agreement.

The judgment of the court below must be affirmed.— *Affirmed.*

Faville, C. J., and Albert and Morling, JJ., concur.